# PAWAR LAW GROUP P.C.
### ATTORNEYS AT LAW
20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

**MEMO ENDORSED**

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

August 3, 2020

**BY ECF**

The Honorable Kenneth M. Karas
Southern District of New York

Re:   *Eric McCormick v. Westchester County, et al.*, 19 CV 2916 (KMK)

Dear Judge Karas:

     I represent the plaintiff in this action. For the reasons set forth below, I respectfully request that the Court lift the stay in this action and direct the defendants to provide their Federal Rule of Civ. Proc. 26 Initial Disclosures ("Disclosures") to plaintiff's counsel.

**Background**:

     This is a civil rights action brought under 42 U.S.C. §1983 and pendent state law claims. Plaintiff alleges, *inter alia*, that defendants failed to protect him and then further failed to provide prompt medical care. So far, only the County of Westchester ("County") has appeared in this action. There are various "John and Jane Does" individual defendants whose identities remains unknown to plaintiff.

     County filed a pre-answer motion to dismiss arguing, in part, that the plaintiff had not appeared for his §50-h hearing pursuant to General Municipal Law (GML §50 *et seq.*). Your Honor stayed this action so that County could examine plaintiff's claims for his state law claims.

     As the Court is aware, plaintiff is in custody and has always been during the pendency of this action. I have made plaintiff available for the County examine him. However, efforts to conduct the §50-h hearing have not been successful. The most recent scheduled date for the §50-h hearing was July 16, 2020.

1

I reached out to defense counsel and requested that the County provide me with their Disclosures so that plaintiff can amend his complaint to substitute the "John and Jane Doe" defendants before the statute of limitations expires. Defense counsel stated that they would not do so because there is a "stay" in place.

First, I request that the "stay" be lifted so defendant County can provide the Disclosures.

Second, it is not plaintiff's fault that the County has been unable to conduct his §50-h hearing. Plaintiff has been made available on every date that was proposed by defense counsel. It is unfair for plaintiff to not have the initial disclosures under the guise of "stay" and the individual defendants escape liability because the statute of limitations runs out.

**Relief Requested:**

For these reasons, I respectfully request that the Court direct the County to serve its Rule 26 disclosures while the parties, at the same time, make efforts to schedule the §50-h hearing another time.

If the Court would like further clarification, I respectfully request a brief telephone conference to address this issue.

Thank you.

The County is to respond to this letter by 8/7/20.

So Ordered.

*[signature]*

8/3/20

Respectfully,

/s
Vik Pawar (VP9101)

Cc:   *Defense Counsel* (by ECF)