UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC MCCORMICK,

                      Plaintiff,

           v.

COMMISSIONER JOSEPH K. SPANO, et al.,

                      Defendants.

No. 19-CV-2916 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

        Eric McCormick ("Plaintiff") brings this Complaint, pursuant to 42 U.S.C. §§ 1983 and 1988 as well as analogous New York state law provisions, against Sgt. Ruben Torres, Sgt. Hector Lopez, Sgt. Kevin Grant, Sgt. Michael Carozza, ESU Sgt. Michael Bourhill, C.O. Mathew Waal-Rivera, C.O. Salvatore Ficarrotta, C.O. Troy Worrell, Capt. Patti Bhola, Capt. Christopher Roberts and Assistant Warden Karl Vollmer (collectively, "Defendants"), alleging that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States and New York Constitutions when Defendants failed to intervene or prevent multiple assaults and verbal abuse, ignored his complaints regarding his medical condition, and delayed timely medical treatment. (*See generally* Second Amended Complaint ("SAC") (Dkt. No. 91).) Defendants moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Not. of Mot. (Dkt. No. 109).)

        As part of its submission opposing Defendants' Motion to Dismiss, Plaintiff filed a cross-motion to amend the Complaint, noting a desire to include additional facts and to withdraw a claim. (*See* Dkt. No. 115.) The Federal Rules of Civil Procedure afford the Court the authority to give leave to amend "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thereunder,

"[c]ourts may deny leave to amend 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Ramirez v. Bernstein*, No. 17-CV-3825, 2020 WL 7230729, at *2 (S.D.N.Y. Dec. 7, 2020). "The Supreme Court has expounded upon Rule 15(a)'s liberality by suggesting that it is preferential for a plaintiff to be 'afforded an opportunity to test his [or her] claims on the merits.'" *Foster v. UPS Freight, Inc.*, No. 18-CV-10294, 2020 WL 5350446, at *5 (S.D.N.Y. Sept. 4, 2020) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Indeed, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (noting that "the 'permissive standard' of Rule 15 'is consistent with our strong preference for resolving disputes on the merits.'" (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir.2011) (per curiam)).

"Prejudice to the nonmoving party may arise when the proposed amendment causes the nonmoving party to 'expend significant additional resources to conduct discovery and prepare for trial,' or when the proposed amendment causes significant delay to the disposition of the original claim or claims." *Foster*, 2020 WL 5350446, at *5 (quoting *Block*, 988 F.2d at 350). Importantly,

> [d]elay alone, however, is an insufficient justification for the denial of a motion to amend. The degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party.

*Id.* (citation omitted).

Pursuant to Federal Rule of Civil procedure 16, "[w]hen there is a scheduling order in effect — as there is in this case ([Dkt. No. 108]) — deadlines for amendment of pleadings 'may

2

be modified only for good cause and with the judge's consent.'" *Ideavillage Prod. Corp. v. Copper Compression Brands LLC*, No. 20-CV-4604, 2021 WL 5013799, at *2 (S.D.N.Y. Oct. 27, 2021) (quoting Fed. R. Civ. P. 16(b)(4)). In such circumstances, "the lenient standard under Rule 15(a) . . . must be balanced against the [good cause] requirement under Rule 16(b)[.]" *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *accord Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The "primary consideration" in determining whether good cause exists "is whether the moving party can demonstrate diligence," but "[i]t is not . . . the only consideration." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

In light of the stage of litigation, the nature of the proposed amendments, and the minimal prejudice the proposed amendments bring to bear on Defendants, Plaintiff's cross-motion to amend is granted. Plaintiff is permitted to file a Third Amended Complaint by December 31, 2021. Defendants' Motion to Dismiss the SAC is denied without prejudice. Defendants have 30 days following Plaintiff's filing of a Third Amended Complaint to file either answer or a pre-motion letter.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 109).

SO ORDERED.

Dated: December 20, 2021
      White Plains, New York

KENNETH M. KARAS
United States District Judge